UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE HOWARD,

                Petitioner,

-vs-                                      Case No.  8:06-cv-517-T-24EAJ

JAMES McDONOUGH,

                Respondent.

_____

## **ORDER**

     This cause is before the Court on pro se prisoner Eugene Howard's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Howard challenges his convictions and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in Case No. 93-10500.

     Howard states that, after a jury trial, he was found guilty of first degree murder (count one) and four counts of robbery with a deadly weapon (counts two, three, four, and five). He was sentenced to life imprisonment without the possibility of parole for twenty-five years on count one and thirty years incarceration with a minimum mandatory sentence of three years on count two.  The sentence on count two runs consecutive to the sentence on count one.  He was sentenced to life imprisonment on the remaining counts, with the sentence to run concurrent with the sentence in count one. (See Petition, page 1)

     Howard appealed,  and the state district court of appeal affirmed the convictions and sentences on January 21, 1998.  Howard filed various motions and petitions after 1998. On July 10, 2001, he filed a motion to correct sentence in the state trial court.  The state

trial court denied the motion on February 26, 2002, and Howard filed a notice of appeal on that same day.

On March 6, 2002, the state trial court entered an order correcting the sentence. On July 18, 2002, the state district court of appeal issued the mandate affirming the appeal in case no. D02-1127.

Howard did not file any further motions or petitions until three years later, July 19, 2005. The online docket for the Thirteenth Judicial Circuit confirms these dates as correct.

## PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244 (d)(1), as amended by the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Howard's judgment became final on **April 21, 1998**, ninety (90) days after the state district court of appeal filed its opinion affirming Howard's conviction on January 21, 1998. See Clay v. United States, 537 U.S. 522, 526-527 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate.). This distinction is specifically stated in Supreme Court Rule 13(3). See also, Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). Accordingly, Howard had until April 21, 1999, to file a federal petition, absent collateral state court activity.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." When Howard filed his motion to correct sentence on **July 10, 2001,** the one-year period had already elapsed. Furthermore, three years elapsed between July 18, 2002, and July 19, 2005, during which time Howard had no pending collateral attacks in state court. Therefore, the present petition, signed March 21, 2006, is time-barred.

Howard has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

1. That Howard's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Howard and to close this case.

2. That the Court will consider a motion to reopen this case if Howard can show, by record evidence, that any of the dates set out above are incorrect and that his present petition is not time-barred.

ORDERED at Tampa, Florida, on March 28, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Eugene Howard